Date signed November 02, 2006



DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
at Baltimore

| | | |
|---|---|---|
| **In re:** | : | |
| **Richard A. Smith** | : | **CASE NO. 06-10497-DK** |
| | | **CHAPTER 13** |
| Debtor. | : | |
| ------------------------------------------------- | : | |
| **Finance Maryland, LLC,** | : | |
| Movant, | : | |
| v. | : | |
| **Richard A. Smith,** | : | |
| Respondent. | : | |

**Memorandum of Decision**

The matter before the court is the Motion to Dismiss Case filed by Finance Maryland, LLC ("Movant") and the Debtor's opposition thereto. The court held a hearing on the Motion to Dismiss on July 11, 2006, and has reviewed the supplemental memoranda filed by each of the parties. The court finds that a further hearing would not aid in the decisional process. For the reasons set forth herein, the Motion to Dismiss will be denied.

**Factual Background**

The relevant facts are not in dispute. On July 26, 2004, approximately 18 months prior to the filing of this instant bankruptcy case,[1] Debtor borrowed $11,605.00 from Movant with repayment terms requiring 48 monthly payments of $341.19. The Credit Sale Contract ("Contract") granted a lien on a 1999 Dodge vehicle as a purchase money security interest.[2] In addition, as part of that transaction, Debtor granted Movant a second lien on Debtor's 1999 Chrysler vehicle.[3] After debtor defaulted on the loan, Movant obtained a judgment for the Contract debt on January 31, 2006.

On February 1, 2006, Debtor commenced this chapter 13 bankruptcy case by the filing of a voluntary petition. Debtor filed his chapter 13 plan on February 24, 2006. On March 30, 2006, after hearing thereupon, the court denied confirmation of Debtor's plan with leave to file an amended plan.

Debtor filed his amended plan on April 25, 2006, which *inter alia*, identifies Movant's secured claim in the amount of $10,000.00 and provides payment over the life of the plan at 10% interest. Debtor has not made any post petition payments to Movant.[4]

Movant has filed two proofs of claim in the case, the latter amending and supplementing the initial proof of claim. The initial proof of claim was filed on March 16, 2006. In that proof of claim,

---

[1] Debtor also filed a chapter 13 bankruptcy case (Case No. 05-90204) on November 2, 2005. The court dismissed that case on December 1, 2005 because Debtor had not completed the credit counseling requirements of 11 U.S.C. § 109(h).

[2] A copy of the Contract is attached as Exhibit 1 to the Amended Proof of Claim filed by Movant on July 6, 2006.

[3] According to the parties, the first lien is held by CarMax Auto Finance.

[4] A ruling upon confirmation has been held under advisement pending this decision upon Movant's Motion to Dismiss.

Movant asserts that the debt was incurred on July 26, 2004 and that a judgment was obtained on January 31, 2006. The amount of claim as of petition date is stated to be $9,400.00 and is stated to be secured. Furthermore, Movant has "checked" a box and filled in an amount in the section of the form that provides: "Amount of arrearage and other charges <u>at time case filed</u> included in this secured claim, if any $9,400.00." (Emphasis in original). The only documentation accompanying the proof of claim was a copy of the security interest Maryland Vehicle Administration papers.

The amended proof of claim was filed July 6, 2006, after Movant filed the instant motion to dismiss and five days prior to the hearing thereupon. The amended proof of claim supplements the documentation in support of the proof of claim with the account records and the Contract. The amended claim states that the secured claim amount is $9,765.49, and provides: "Amount of arrearage and other charges <u>at time case filed</u> included in this secured claim, if any $1,390.36". Debtor has not filed an objection to claim.

On April 20, 2006, Movant filed its Motion to Dismiss, asserting that Debtor has failed to commence making the payments required pursuant to Section 1326(a)(1)(C), and therefore the case should be dismissed pursuant to Section 1307(c)(4). Debtor responded that Section 1326(a)(1)(C) does not apply to his obligation to Movant because Movant obtained a pre-petition judgment on its Contract.

## **Analysis**

The issue to be decided is whether Movant is entitled to payment pursuant to Section 1326(a)(1)(C) in light of the fact that pre-petition Movant had reduced to judgment its rights to

payment under the Contract.[5]  To decide this question, the court must examine the parties' positions under both federal bankruptcy law and state commercial law.

Section 1326(a)(1)(C) of the Bankruptcy Code is an amendment introduced by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "BAPCPA"), Pub. L. No. 109-8, 11 Stat. 23, which became effective October 17, 2005.  That section entitled "Payments" provides that unless the court orders otherwise, within 30 days of the earlier of the filing of a plan or the order for relief, whichever is earlier, a chapter 13 debtor must begin making payments in the amount

> that provides adequate protection directly to a creditor holding an allowed claim secured by personal property to the extent the claim is attributable to the purchase of such property by the debtor for that portion of the obligation that becomes due after the order for relief, reducing the payments under subparagraph (A) by the amount so paid and providing the trustee with evidence of such payment, including the amount and date of payment.

11 U.S.C. § 1326(a)(1)(C).  Failure to make such payments may constitute cause for conversion or dismissal under Section 1307(c)(4).  There has been little in the way of caselaw analyzing Section 1326(a)(1)(C) and nothing the court has read includes an analysis of the statute where the secured creditor had reduced its installment receivable to judgment pre-petition.

In the instant case, Debtor does not dispute that Movant is a secured creditor and that the allowed claim is secured by personal property.  However, Debtor avers that because Movant reduced the secured obligation to a judgment pre-petition, there is no portion of the obligation that became due after the order for relief.  Because the judgment has accelerated and replaced the original

---

[5] Because the court is finding that Debtor was not obligated to initiate payments pursuant to Section 1326(a)(1)(C), it is not necessary to decide whether such failure would constitute sufficient cause for dismissal or conversion under the facts and circumstances of this case.

Contract, Debtor argues that Movant cannot assert that Debtor has a continuing obligation to make monthly payments under the Contract. Furthermore, Debtor asserts that because the claim is based on the state court judgment, it is no longer attributable to the purchase of the vehicle, as intended by Section 1326(a)(1)(C).

In contrast, Movant argues that were the court to adopt the Debtor's position, the court would "undermine the importance of secured claims and improperly suggest that once a payment obligation secured by collateral was reduced to judgment in a state court, the claims of creditors would be based solely on the judgment entered and the security interest held would essentially be invalid."

This court holds that the pre-petition entry of judgment for a debt that was secured by personal property does not invalidate the security interest for the debt. Furthermore, if the debt was incurred to purchase the collateral, the entry of the judgment does not cause the claim for the debt to become not "attributable to the purchase of such property" for purposes of the application of Section 1326(a)(1)(C). However, the court further holds that under the undisputed facts of this matter, no portion of the debt which was the subject of the pre-petition judgment, becomes "due after the order for relief" in this bankruptcy case, for purposes of the application of Section 1326(a)(1)(B).

In accordance with the Maryland Uniform Commercial Code, upon default under a contract secured by personal property, a holder of a security interest has several available remedies. Those options include that the secured party may "foreclose" upon the secured property and/or reduce the claim to judgment. MD. CODE ANN. COMM LAW I § 9-601(a). The statute outlines the rights of a secured party after default and specifically provides: "The rights under subsections (a) and (b) are cumulative and may be exercised simultaneously." MD. CODE ANN. COMM LAW I § 9-601(c). *See*

*In re Richman*, 181 B.R. 260, 263 (Bankr. D. Md. 1995)("[The secured creditor]'s attempt to obtain a judicial lien did not vitiate its rights as the alleged holder of a consensual lien.  Upon default, a secured party may proceed to reduce its claim to judgment, foreclose, or otherwise enforce the security interest by any available judicial procedure.").

The Movant herein proceeded pre-petition to seek and obtain a judgment on the debt.[6]  After the judgment was entered, Movant could have sought to collect the judgment from the Debtor's other sources of income or property (*i.e.,* garnishment), or could have proceeded with a repossession of the subject vehicle, as it was entitled to do even prior to the judgment having been entered.[7]

---

[6] Generally speaking, seeking a judgment is the less common method of collecting on a secured vehicle note.  As Professors James White and Robert Summers observe:
> Why would a secured party ever go through all this judicial rigmarole to get its money when it could repossess the collateral and sell it under 9-601?  In the first place, extra-judicial repossession may only be accomplished when it can be carried out without breach of the peace.  In addition, if the value of the collateral has so diminished that the proceeds from resale would be clearly insufficient to satisfy the debt, then it may be to the secured creditor's advantage to proceed by judgment and execution because in that way it can reach assets in addition to the collateral.  Also, by obtaining a judgment and levying against all the debtor's non-exempt property, the secured creditor can eliminate the two-step process of first selling the collateral and then suing for a deficiency.  Moreover, since officers of the court administer the entire procedure of judgment and execution on a debt, the creditor eliminates the risk of an improperly conducted repossession or resale under 9-609 and 9-610.  Finally, 9-601(f) allows the creditor to purchase the collateral at the sheriff's sale; something the creditor cannot usually do in a private sale under 9-610(c).  In spite of all these seeming advantages, it will still be rare that a suit on the debt with its attendant court delay, search for non-exempt assets, and sheriff's sale will offer a more promising avenue than seizure and sale of the collateral under 9-610.

White & Summers, Uniform Commercial Code, § 34-4, p.357-58 (5th ed. 2002)(footnotes omitted).

[7] Upon the filing of the bankruptcy petition, the automatic stay arose pursuant to Section 362 of the Bankruptcy Code and Movant was prevented from further proceeding with its state law remedies.

In this District, prior to BAPCPA, where a default upon an installment secured debt had occurred pre-petition, the debtor who was in default upon an installment secured debt would often propose in her plan to pay the pre-petition arrearage over the life of the plan through the chapter 13 trustee and would continue to make the regular, post-petition payments directly to the secured creditor. This procedure was (and is) in accordance with Maryland Local Bankruptcy Rule 3070-1 which provides: "A debtor in a case under chapter 13 will be presumed to have provided adequate protection of collateral by continuing to make payments as and when due and maintaining required insurance for the collateral." Local Bankruptcy Rule 3070-1(a). Another possible plan treatment was to pay the secured claim (the value of the vehicle at the time the petition was filed)[8] through the trustee over the duration of the chapter 13 plan, with any unsecured portion being paid pro rata as a general unsecured claim. *See* 11 U.S.C. §§ 1322(b)(2) and 1325(a)(5)(B)(I) and (ii). A secured creditor, nevertheless, could seek relief from stay if the creditor believed its position was not adequately protected.

The addition of Section 1326(a)(1)(C) does not materially alter the first above-described scenario. It surely has enhanced the rights of a secured creditor who is entitled to receive payments due post-petition, by requiring those payments coming due post-petition to be commenced.[9] Furthermore, dismissal is specifically delineated now under Section 1307(c) as a possible sanction for non-compliance.

---

[8] Chapter 13 debtors routinely filed motions to value collateral under Section 506(a) of the Bankruptcy Code, thus "stripping down" the lien to the value of the collateral. This practice is now curtailed under BAPCPA where the right to strip down a purchase money security interest on a vehicle is limited to loans more than 910 days old. *See* 11 U.S.C. § 1325.

[9] As noted above, direct and immediate payment of adequate protection payments have been included in this jurisdiction's Local Rules even prior to BAPCPA.

When Movant obtained the judgment upon its Contract, the judgment replaced the Contract as the right to payment, but the lien of the original security interest continued. It is clear under Maryland law that the judgment, like the Contract upon which it was obtained, continues to be secured by the same property without need for further perfection. In fact, Section 9-601(e) provides that

> [i]f a secured party has reduced its claim to judgment, the lien of any levy that may be made upon the collateral by virtue of an execution based upon the judgment relates back to the earliest of: (1) The date of perfection of the security interest or agricultural lien in the collateral; (2) The date of filing a financing statement covering the collateral; or (3) Any date specified in a statute under which the agricultural lien was created.

MD. CODE ANN. COMM LAW I § 9-601(e)(2005 Supp.). At the time of the filing of the bankruptcy petition, Debtor had no right under state law to continue to pay the debt over time by the installments set forth in the contract.[10] Instead, before the filing of the petition in this bankruptcy case, Movant exercised its right contained in the Contract to accelerate the full balance due and obtained a judgment thereupon which entitled Movant to full collection of the entire judgment amount. It cannot be credibly argued that any portion of the obligation arising from the Contract did not become due before the order for relief, which was deemed entered pursuant to Section 301(b) of the Bankruptcy Code by the filing of a voluntary petition in this case. It is therefore inescapable that if all portions of the obligation became due before the order for relief, no portion of the obligation became due after the order for relief.

The automatic right to receive adequate protection payments set forth in Section

---

[10] The Contract contains no provision permitting the borrower a right of reinstatement and the parties provided no authority to this court nor made assertion that the Borrower held a right to reinstate the installment provisions after the judgment was entered.

1326(a)(1)(C) is only for portions of obligations that become due after the order for relief. Accordingly, the court finds that no such automatic duty was imposed upon the debtor to make specific adequate protection payments as to Movant's judgment claim. Having no duty to make such payments, Section 1307(c)(4) which lists failure to commence making timely payments under Section 1326 as a basis for dismissal, is inapplicable to the facts of this case.

The court further observes that this does not mean that a creditor in the position of the Movant, has no right to adequate protection. Section 362(d)(1) provides that when requested by a party-in-interest and after notice and a hearing, the court shall grant relief from stay for cause including lack of adequate protection of an interest in property. Of course, this provision requires the creditor to file a motion for relief from stay. Upon such motion the court may order a continuation of the automatic stay conditioned upon the provision of adequate protection to the creditor. *See*, *e.g., United Sav. Association of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 108 S. Ct. 626 (1988).

The court further observes that Debtor herein has not sought by his chapter 13 plan to de-accelerate the judgment including resuming payment of installments due post petition under the original Contract.[11] Such a deceleration plan, if permissible where a judgment had been entered, could possibly result in a portion of the obligation being due post petition, triggering Section 1326(a)(1)(C) application.

Instead, the secured claim is proposed to be dealt with in a manner permitted under Section 1325(a)(5)(B) and (C). These provisions allow a debtor to pay the entire secured claim by a plan

---

[11] The court makes no ruling as to whether Debtor would be able to de-accelerate the judgment under the cure provisions set forth in Section 1322(b)(2) and (3).

funded in equal installments over the duration of the plan with periodic distribution by the trustee to claimants. Where the claim is secured by personal property, the amount of such periodic distribution must be sufficient to provide the holder of the claim adequate protection during the period of the plan. 11 U.S.C. § 1325(a)(5)(B)(iii)(II). Thus, a creditor in the situation of the Movant in this case, can also enforce adequate protection by objecting to a plan that does not provide a level of payments which would constitute adequate protection.

For these reasons an Order shall be entered denying the motion to dismiss.

cc:   Debtor
      Debtor's counsel
      Counsel for Movant
      Chapter 13 Trustee
      Office of the United States Trustee

**End of Order**